UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X

EUGENE DALMIDA,

                                    **ORDER**

                    Plaintiff,

                                    23 Civ. 03730 (JCM)

          -against-

COMMISSIONER OF SOCIAL SECURITY,

                    Defendant.

---------------------------------------------------------X

   Plaintiff Eugene Dalmida ("Plaintiff") commenced this action pursuant to 42 U.S.C. §

405(g), seeking judicial review of a decision by the Commissioner of Social Security (the

"Commissioner"), denying Plaintiff's application for disability benefits. (Docket No. 1).

Plaintiff filed a motion for judgment on the pleadings on October 16, 2023. (Docket No. 10).

Consistent with a stipulation between the parties, the Court remanded the case to the

Commissioner for further proceedings in accordance with sentence four of 42 U.S.C. § 405(g).

(Docket No. 14).  Upon remand, an Administrative Law Judge ("ALJ") issued a favorable

decision for Plaintiff. (Osborn Aff.[1] ¶ 10).  Plaintiff now moves for an award of attorney's fees

pursuant to 42 U.S.C. § 406(b). (Docket No. 18).  The Commissioner does not contest the

reasonableness of the fee request. (Docket No. 21).  For the reasons set forth below, Plaintiff's

motion is granted.[2]

---

[1] Refers to the Declaration of Daniel A. Osborn, dated September 3, 2024. (Docket No. 19).

[2] This action is before the Court for all purposes on consent of the parties, pursuant to 28 U.S.C. § 636(c) and
Federal Rule of Civil Procedure 73. (Docket No. 6).

## I. BACKGROUND

On February 11, 2019, Plaintiff applied for disability insurance and supplemental security income, alleging that he was disabled as of January 3, 2019. (Docket No. 1 ¶ 5).  The Social Security Administration denied his application, and Plaintiff requested a hearing in front of an Administrative Law Judge ("ALJ"), which was held on August 21, 2020. (*Id.* ¶¶ 6-7).  On September 29, 2020, the ALJ denied Plaintiff's claim, and Plaintiff subsequently requested a review by the Appeals Council. (*Id.* ¶¶ 7-8).  On November 4, 2021, the Appeals Council granted Plaintiff's request for review, remanding the case to the ALJ. (*Id.* ¶ 8).  The Appeals Council directed the ALJ to further investigate and evaluate Plaintiff's claims, including by obtaining supplemental evidence. (*Id.*).  On February 10, 2022, a second hearing was held, and on March 22, 2022, another ALJ made a partially favorable decision on Plaintiff's claim. (*Id.* ¶ 9).  Plaintiff again requested the Appeals Council's review, which was denied on March 6, 2023, rendering the ALJ's March 22, 2022 decision final. (*Id.* ¶¶ 10-11).

Plaintiff commenced this action on May 3, 2023, asserting that the ALJ's decision was "erroneous, not supported by substantial evidence in the record, and/or contrary to law." (*Id.* ¶ 12).  On October 16, 2023, Plaintiff moved for judgment on the pleadings. (Docket No. 10).  The parties subsequently agreed to remand the claim for further proceedings, which the Court so ordered on December 15, 2023. (Docket No. 14).  On December 18, 2023, the Court entered judgment in Plaintiff's favor, reversing and remanding the case to the Commissioner for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). (Docket No. 15).

The parties negotiated a Stipulation and Order, granting Plaintiff's counsel, Daniel A. Osborn ("Mr. Osborn"), attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, in the amount of $5,664.71, and costs under 28 U.S.C. § 1920, in the amount of

$402.00. (Docket No. 16).  On February 9, 2024, this Court approved the Stipulation and Order

for attorney's fees and costs. (Docket No. 17).

Upon remand to the Social Security Administration, a third hearing was held before an

ALJ. (Docket No. 19 ¶ 10).  The ALJ issued a fully favorable decision, finding Plaintiff disabled

and entitled to benefits. (*Id.*).  On July 21, 2024, the Social Security Administration issued a

Notice of Award (the "Notice") setting forth the benefits due Plaintiff. (Docket No. 19-4).  Per

the Notice, the Administration withheld 25% of past-due Social Security benefits to pay fees to

Plaintiff's representatives or counsel. (Docket No. 19-4 at 3).  Specifically, $18,436.18 was

withheld. (*Id.*).  The Social Security Administration sent the Notice to Pasternack Tilker Ziegler

Walsh Stanton & Romano, LLP ("Pasternack Tilker"), the attorneys that represented Plaintiff

before the Social Security Administration, but did not send it to Mr. Osborn. (Docket No. 19 ¶

13).[3]  Mr. Osborn's firm ultimately received the Notice from Pasternack Tilker via e-mail on

August 20, 2024. (Docket No. 19-5).  On September 3, 2024, Mr. Osborn filed the instant motion

requesting $18,436.18, which is 25% of Plaintiff's past-due benefits. (Docket No. 18).

## II.  DISCUSSION

Under Section 406(b) of the Social Security Act ("SSA"), when a claimant who is

represented in court by an attorney receives a favorable judgment, the court may determine and

allow "a reasonable fee for such representation, not in excess of 25 percent of the total of the

past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C.

§ 406(b)(1)(A).  "When considering a motion for attorney's fees pursuant to § 406(b), the court

first determines whether it was timely made ... and then reviews the request for

---

[3] Plaintiff's brief supporting his motion for attorney's fees states, "We presume this is because Pasternack Tilker represented Mr. Dalmida before the Administration, while Osborn Law represented Mr. Dalmida in this Court." (Docket No. 20 at 3).

reasonableness." *Johnson v. Kijakazi*, 20-CV-2630 (BCM), 2022 WL 17718336, at \*4 (S.D.N.Y.

Dec. 15, 2022) (citation omitted).  The Commissioner may "certify the amount of such fee for

payment to such attorney out of, and not in addition to, the amount of such past-due

benefits." *Id.* at \*3 (citation omitted).  As such, a fee award under § 406(b) is not due to any fee

shifting between the parties, but is instead an amount that the Social Security claimant pays his

or her own attorney. *Wells v. Sullivan*, 907 F.2d 367, 371 (2d Cir. 1990).

## A.  Timeliness

Federal Rule of Civil Procedure 54(d) governs the timeliness of fee applications under

§ 406(b). *See Sinkler v. Berryhill*, 932 F.3d 83, 86-87 (2d Cir. 2019).  Rule 54(d) requires that

fee applications be filed within fourteen days following "the entry of judgment." *See* Fed. R. Civ.

P. 54(d)(2)(B)(i).  In *Sinkler*, however, the Second Circuit held that equitable tolling extends this

period to fourteen days after "a party receives notice of a benefits calculation" for social security

cases involving a judgment that reverses the denial of benefits and remands to the Social

Security Administration. *See Sinkler*, 932 F.3d at 89.  The Circuit reasoned that rigid application

of Rule 54(d) in such cases would otherwise create an impossible deadline because the

Commissioner "typically" takes months to calculate the amount of past-due benefits, and

§ 406(b) cuts off attorney's fees at twenty-five percent of any benefits awarded. *Id.* at 87.  Thus,

"parties who must await the Commissioner's award of benefits on remand cannot be expected to

file an application for attorney's fees that are statutorily capped by the amount of an as-yet-

unknown benefits award." *Id.* at 88.  The Court in *Sinkler* further clarified that the relevant date

when assessing if the fourteen-day deadline is met is when *counsel* receives notice of the

benefits. *See id.* ("Once counsel receives notice of the benefits award ... there is no sound reason

not to apply Rule 54(2)(B)'s fourteen-day limitations period to a § 406(b) filing, just as it would apply to any other final or appealable judgment.").

Here, the Notice is dated July 21, 2024. (Docket No. 19-4).  However, Mr. Osborn's firm did not receive the Notice until August 20, 2024, when Pasternack Tilker forwarded the Notice it had received from the Social Security Administration. (Docket No. 19-5).  Plaintiff filed the instant motion exactly fourteen days after Mr. Osborn's firm received the Notice. (Docket No. 18).  Moreover, the Commissioner does not contest the timeliness of Plaintiff's motion. (Docket No. 21).  Accordingly, the Court finds Plaintiff's motion for attorney's fees is timely.

## B.  Reasonableness

The SSA provides that a court may award a "reasonable fee ... not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled." 42 U.S.C. § 406(b)(1)(A).  "[W]here there is a contingency fee agreement in a successful social security case, the district court's determination of a reasonable fee under § 406(b) must begin with the agreement, and the district court may reduce the amount called for by the contingency agreement only when it finds the amount to be unreasonable." *Wells*, 907 F.2d at 371.  As a result, "§ 406(b) does not displace contingent-fee agreements," but "[r]ather ... calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002).

To determine whether a fee is "unreasonable," courts consider (1) "whether the contingency percentage is within the 25% cap"; (2) "whether there has been fraud or overreaching in making the agreement"; and (3) "whether the requested amount is so large as to be a windfall to the attorney." *Wells*, 907 F.2d at 372; *see also Fields v. Kijakazi*, 24 F.4th 845, 853 (2d Cir. 2022).  In *Gisbrecht*, the Supreme Court also held that a fee reduction may be

"appropriate[ ]" "based on the character of the representation and the results the representative achieved"—including, for example, the attorney's role in any delay. 535 U.S. at 808. "Most contingency agreements in social security cases set the contingency rate at 25 percent and that is true in this case." *Rivera v. Saul*, 18-CV-7135 (JLC), 2021 WL 864184, at *2 (S.D.N.Y. Mar. 9, 2021). Here, the contingency percentage is within the twenty-five percent statutory cap. *See Wells*, 907 F.2d at 370; Docket No. 19-4 at 3. Further, the Court sees no evidence of fraud or overreaching in the attorney fee agreement, which includes standard language for such an agreement. (*See* Docket No. 19-1). Thus, the Court focuses its analysis on whether the requested amount constitutes a windfall or otherwise must be reduced under *Gisbrecht*. 535 U.S. at 808.

The Second Circuit explained in *Fields* that the windfall factor considers whether "the benefits are large in comparison to the amount of time counsel spent on the case." 24 F.4th at 853 (quoting *Gisbrecht*, 535 U.S. at 808) (internal quotations omitted). However, "courts must consider more than the de facto hourly rate" because "even a relatively high hourly rate may be perfectly reasonable, and not a windfall, in the context of any given case." *Fields*, 24 F.4th at 854. Indeed, the "windfall factor does *not* constitute a way of reintroducing the lodestar method." *Id.* (emphasis in original). Consequently, the Circuit set forth four additional factors to be considered when determining whether a particular award constitutes a windfall: (1) "the ability and expertise of the lawyers and whether they were particularly efficient, accomplishing in a relatively short amount of time what less specialized or less well-trained lawyers might take far longer to do"; (2) "the nature and length of the professional relationship with the claimant— including any representation at the agency level"; (3) "the satisfaction of the disabled claimant"; and (4) "how uncertain it was that the case would result in an award of benefits and the effort it took to achieve that result." *Id.* at 854-55.

Applying these factors, the Court finds that the fee that Plaintiff's counsel seeks is reasonable. Mr. Osborn seeks $18,436.18, twenty-five percent of Plaintiff's past-due benefits. This fee will not result in a windfall for several reasons. First, Plaintiff's counsel represented Plaintiff on a contingency fee basis, and the fee sought appropriately accounts for the risks inherent in such a case. *See Wells*, 907 F.2d at 371 ("In the absence of a fixed-fee agreement, payment for an attorney in a social security case is inevitably uncertain, and any reasonable fee award must take account of that risk."). Second, Plaintiff claims, and the Commissioner does not contest, that Plaintiff's counsel spent 20.4 hours of attorney time and 5.1 hours of paralegal time on Plaintiff's appeal. (Docket Nos. 19-2; 21 at 1). "[C]ourts within this Circuit endorse a twenty to forty-hour range as reasonable for a typical Social Security disability appeal in federal court[.]" *Bass v. Kijakazi*, 16 Civ. 6721 (JCM), 2022 WL 1567700, at *4 (S.D.N.Y. May 18, 2022) (internal quotations omitted). Third, while the requested amount yields an effective hourly rate of $903.73, such a rate is "within the range of effective hourly rates that have previously been deemed reasonable by courts in this Circuit." *See Gentile v. Kijakazi*, 21-CV-641 (AMD), 2023 WL 6392905, at *2 (E.D.N.Y. May 3, 2023) (approving $1,750 hourly rate) (internal quotations omitted); *see also Kazanjian v. Astrue*, No. 09 Civ. 3678(BMC), 2011 WL 2847439, at *2 (E.D.N.Y. July 15, 2011) (approving $2,100 hourly rate); *Fields*, 24 F.4th at 854 (approving $1,556.98 *de facto* hourly rate); *Foley v. Kijakazi*, 20-CV-4231 (JLC), 2022 WL 17727642, at *3 (S.D.N.Y. Dec. 16, 2022) (approving $964.22 *de facto* hourly rate).

Accordingly, after careful consideration of the above factors, the Court finds that the requested fee of $18,436.18 is reasonable.

## C. EAJA

"Under [the] EAJA, a party prevailing against the United States in court, including a successful Social Security benefits claimant, may be awarded fees payable by the United States if the Government's position in the litigation was not 'substantially justified.'" *Gisbrecht*, 535 U.S. at 796 (quoting 28 U.S.C. § 2412(d)(1)(A)).  This provision "effectively increases the portion of past-due benefits the successful Social Security claimant may pocket," and calculates fees "not by a percent of the amount recovered, but by the 'time expended' and the attorney's '[hourly] rate,'… capped in the mine run of cases at $125 per hour." *See id.* (quoting 28 U.S.C. § 2412(d)(1)(B), (2)(A)) (alteration in original).  Although awards under both the EAJA and § 406(b) are permissible, "the claimant's attorney must 'refun[d] to the claimant the amount of the smaller fee.'" *See id.* (quoting Act of Aug. 5, 1985, Pub. L. No. 99–80, § 3, 99 Stat. 186) (alteration in original); *see also Wells v. Bowen*, 855 F.2d 37, 42 (2d Cir. 1988).

The parties stipulated to Plaintiff's counsel receiving an EAJA fee of $5,664.71, which the Court approved on February 9, 2024. (Docket No. 17).  Since counsel is now receiving an award under § 406(b) that exceeds his prior EAJA award, he "must refund to the claimant" the smaller EAJA award.

Accordingly, the Court directs Plaintiff's counsel to refund Plaintiff the $5,664.71 fee award under the EAJA upon receiving the fee award under § 406(b).

-9-

## III.  CONCLUSION

For the foregoing reasons, Plaintiff's motion for attorney's fees pursuant to 42 U.S.C. §

406(b) is granted in the amount of $18,436.18, with the award to be made payable to Plaintiff's

counsel.  Plaintiff's counsel shall refund $5,664.71 in EAJA fees currently in his possession to

Plaintiff upon receipt of this sum.

Dated:    November 21, 2024
          White Plains, New York

SO ORDERED:

_Judith C. McCarthy_

JUDITH C. McCARTHY
United States Magistrate Judge